LOFTIN, et al., *v.* THE STATE, 11 Smedes & Marshall, 359.

### DEFAULTING ROAD OVERSEER.

In criminal cases no appeal lies from the circuit court to the high court of errors and appeals. Such case can only be brought up by writ of error.

A writ of error cannot be entertained in the appellate court unless there has been a judgment in the court below.

Error to Lauderdale circuit court. DAWSON, J.

Asa Loftin was indicted at the September term, 1847, of the court, as an overseer of the road, for not keeping it in repair. He pleaded not guilty. At the March term, 1848, when the trial was had, after stating that the cause was submitted to the

[1] Vide note (1) p. 419.

[2] See note (1) p. 419.

jury, the record states, " that the jury retired to make up their verdict, and returned, in open court, in the presence of the prisoner, the following verdict : " We, the jury, find the defendant guilty, as charged in the bill of indictment;" and the defendant, by his attorney, prayed an appeal to the high court of errors and appeals ; and the defendant, and John W. Coates, acknowledged themselves indebted to the State of Mississippi in the sum of two hundred dollars each, to be levied of their goods and chattels, lands and tenements, conditioned that the said Asa Loftin make his appearance in the county of Lauderdale at the court-house thereof, in the town of Marion, at a circuit court to be held on the first Monday in September, 1848 ; and from day to day, and from term to term, thence to abide the decision of the high court, and not depart from thence until properly discharged by due course of law.

There was no appeal-bond in the record; but a writ of error, purporting to be issued by Benjamin F. Parke, clerk, under the seal of the Lauderdale circuit court ; but no fiat of a judge for its issuance.

THACHER, J.:

This is an indictment preferred by the circuit court of Lauderdale county, Hon. A. B. Dawson, presiding judge, against Asa Loftin, as a delinquent overseer of a public road, under the statute in such case made and provided.   H. & H., 458, § 62.

The defendant below pleaded not guilty, but the jury returned a verdict of " guilty," whereupon the said defendant prayed an appeal to the high court of errors and appeals, and tendered an appeal bond, conditioned for his appearance at the circuit court of Lauderdale county, on the first Monday in September, A.D. 1848, to abide the decision of the said high court of errors and appeals, and from thence not to depart until discharged by due course of law.   The said circuit judge allowed this appeal, and accepted the bond tendered thereon.

The above proceeding is entirely erroneous, and has been so held by an early decision of this court.   No appeal lies from the circuit to the high court of errors and appeals in criminal cases, and the same can only be reversed in this tribunal by

virtue of writs of error.     The State v. Tuomey, 5 How., 50.
The bond also taken by the circuit court is a nullity, not being
warranted by law.     Besides, the proceeding is erroneous in
another respect.     The circuit court neglected to pronounce
judgment upon the verdict of the jury, and there being no
judgment in the case, there is, consequently, nothing to appeal
from, even if an appeal would lie.     The writ of error in the
record cannot be entertained in the present condition of the
case, because no case of this kind can be allowed a writ of error
until a final judgment in the circuit court, and only upon the
fiat of a competent officer.     H. & H., 538, § 40; 1 S. & M.,
163; 2 ib., 27; 3 ib., 588.

This cause, therefore, must be dismissed from this court, and
remanded to the circuit court of Lauderdale county, with in-
structions to the judge of that court to pronounce the sentence
and judgment of the law upon the verdict of the jury; when
the defendant can make his application for a writ of error to
the proper quarter, if he so elect.     5 H., 291.